UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ZG APPAREL GROUP LLC and
SHAZDEH FASHIONS, INC.,

          Plaintiffs,                              Index No.

   -against-                                      VERIFIED COMPLAINT

STELLA CAIN and STELLA & ASSOCIATES, INC.

                                                    JURY TRIAL DEMANDED

          Defendants.
_____

Plaintiffs ZG Apparel Group LLC and Shazdeh Fashions Inc. (together "Plaintiffs") for their complaint against defendants Stella Cain ("Cain") and Stella & Associates, Inc. (the "Company") (together, "Defendants") herein state as follows on knowledge as to Plaintiffs and otherwise on information and belief:

INTRODUCTION

1. This action arises from a calculated scheme of corporate theft, data destruction, and deceit orchestrated by Defendants. Although ostensibly hired as an independent contractor through her corporate shell, Defendant Cain operated as a trusted Manager and Sales & Merchandiser for Plaintiff.

2. On June 30, 2025, Defendants abused this position of trust. Utilizing the workstation of a subordinate employee to bypass security logs, Cain copied Plaintiffs' proprietary "Tech Packs" and artwork, uploaded them to a personal Google Drive account, and maliciously **deleted the original files from Plaintiffs' servers**.

3. For the next seven months, Defendants continued to collect compensation from Plaintiffs while hoarding Plaintiffs' intellectual property in a private account (testingtestabc23@gmail.com).

4. On the day of Defendants' resignation, Cain cut off all access to the personal Google Drive folder, thereby shutting Plaintiff out from access to its proprietary trade secrets.

5. Plaintiffs seek to hold both the LLC and Cain individually liable. The LLC is a mere alter ego of Cain, utilized to facilitate this theft and shield her from liability. Plaintiffs seek injunctive relief, damages, and the disgorgement of all compensation paid to Defendants during their period of disloyalty.

## THE PARTIES

6. Plaintiff ZG Apparel Group LLC is a limited liability company organized and existing under the laws of the State of New York with an office and principal place of business at 1450 Broadway, New York NY 10018.

7. Plaintiff Shazdeh Fashions Inc. is a corporation organized and existing under the laws of the State of New York with an office and principal place of business at 1450 Broadway, New York NY 10018.

8. Plaintiffs are fashion companies engaged in the design, manufacture and sale of apparel.

9. Upon information and belief, defendant Stella & Associates, Inc. is a corporation organized under the laws of the State of New York.

10. Upon information and belief, Defendant Stella Cain is a New York resident. At all relevant times, Cain was the sole member, owner, and operator of the Company and the individual who personally committed the tortious acts alleged herein.

2

11. Upon information and belief, there exists, and at all times herein mentioned there existed, a unity of interests between and among Cain and the Company vis-à-vis the ownership, operation and/or management of the business of the Company.

12. Upon information and belief, the Company is so dominated and controlled by Cain, such that Defendants may be considered interchangeable with one another.

13. Upon information and belief, Cain failed to observe corporate formalities, such as holding regular meetings, maintaining distinct corporate records, or maintaining adequate capitalization for the Company.

14. Upon information and belief, and as detailed below, Cain intermingled the funds and assets of the Company with her personal funds and assets. Specifically, the stolen data—ostensibly taken in the course of the Company's business—was stored on a personal Google Drive (testingtestabc23@gmail.com) rather than a corporate server, demonstrating a disregard for the distinction between the entity and the individual.

15. Cain utilized her domination of the Company to commit a fraud or wrong against the Plaintiffs—specifically, the conversion of assets and the breach of fiduciary duty—which resulted in Plaintiffs' injuries.

16. The Company was a mere instrumentality and shell used by Cain to facilitate her theft of Plaintiffs' property and to receive compensation while acting disloyally.

17. Accordingly, the corporate veil of the Company should be pierced, and Cain should be held personally liable for the acts and debts of the LLC.

## JURISDICTION AND VENUE

18. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question) because this action arises under the laws of the United States,

specifically the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

19. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

20. This Court has personal jurisdiction over Defendants because upon information and belief they reside in this District, transact business in this District, and committed tortious acts within this District.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District, including the unauthorized access to Plaintiffs' servers and the destruction of Plaintiffs' business records.

## FACTUAL ALLEGATIONS

### A. The Engagement and Fiduciary Relationship

20. Plaintiffs engaged Defendants to provide sales and merchandising management services. While the payments were directed to the Company, the services were performed exclusively by Cain, who held the title of "Manager, Sales & Merchandiser."

21. Defendants were entrusted with high-level access to Plaintiffs' proprietary "Tech Packs"—highly customized technical specifications and artwork required to manufacture Plaintiffs' designs.

22. Plaintiffs treat these Tech Packs as confidential trade secrets, restricting access strictly to members of the internal "LG Photo" group. Defendants were fully aware of these security protocols. These Tech Packs are used in, and intended for use in, interstate and foreign commerce.

### B. The June 30th Heist: Circumvention of Security Logs

23. On or about June 30, 2025, Cain executed a plan to expropriate Plaintiffs' data while concealing her digital footprint.

24. Cain approached a subordinate employee, Ricki Anastasio ("Anastasio"), and falsely claimed that other staff members were "viewing her files" without permission. Using this pretext, Cain gained access to Anastasio's workstation.

25. Upon information and belief, Cain used Anastasio's workstation—rather than her own—to avoid creating activity logs tied to her own user account.

26. From Anastasio's workstation, Defendants copied Plaintiffs' Tech Packs and artwork files, **deleted the original files** from Plaintiffs' secure company server, and uploaded the files to a personal Google Drive account associated with the email address testingtestabc23@gmail.com.

27. This Google Drive was not a corporate account of the Company nor an authorized account of the Plaintiffs, it was a personal account controlled by Cain.

C. The "Faithless Servant" Period

28. Following the June 30, 2025 deletion, Defendants continued to provide services to Plaintiffs for approximately seven months.

29. During this period, Defendants performed work using the files stored on the secret personal drive. As the files had been deleted from the Company server, Plaintiffs' system backups effectively cease as of June 26, 2025.

30. Defendants accepted compensation from Plaintiffs throughout this period while actively concealing the destruction and theft of Plaintiffs' property.

D. Resignation and Discovery

31. On January 23, 2026, Cain submitted her resignation.

32. On the date of her resignation, Cain changed the access rights to the personal Google Drive, thereby cutting Plaintiffs off from all access to the Tech Packs and other stolen files.

33. Immediately thereafter, Plaintiffs discovered the mass deletion. Forensic analysis of Anastasio's workstation confirmed the sequence of events: the copying, the deletion, and the upload to the secret Gmail account.

COUNT I

Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 – Against All Defendants

34. Plaintiffs repeat and reallege each allegation in paragraphs 1 to 33 hereof as if fully set forth herein.

35. Plaintiffs are the owners of the Tech Packs and artwork, which constitute trade secrets under 18 U.S.C. § 1839(3). These assets derive independent economic value from not being generally known to, or readily ascertainable by, other persons who can obtain economic value from their disclosure or use.

36. The Tech Packs are related to products and services used in interstate and foreign commerce.

37. Plaintiffs have taken reasonable measures to keep such information secret, including role-based access controls ("LG Photo" group), password protection, and verbal confidentiality policies.

38. Defendants misappropriated these trade secrets by acquiring them through improper means (theft and unauthorized access via a subordinate's workstation) and by disclosing or using them without consent.

39. Defendants' conduct was willful and malicious, warranting an award of

6

exemplary damages and attorneys' fees under 18 U.S.C. § 1836(b)(3).

40. As a direct and proximate result of Defendants' misappropriation, Plaintiffs have suffered actual losses, including the value of the stolen trade secrets, the costs of forensic investigation to determine the scope of the breach, and unjust enrichment to Defendants in the form of saved research and development costs.

COUNT II

Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030– Against All Defendants

41. Plaintiffs repeat and reallege each allegation in paragraphs 1 to 40 hereof as if fully set forth herein.

42. Plaintiffs' servers and workstations are "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2) as they are used in interstate commerce and communication.

43. Defendants knowingly and intentionally accessed these protected computers without authorization, or exceeded authorized access, by utilizing Anastasio's workstation to bypass security logs and delete files.

44. Defendants' conduct caused "damage" and "loss" to Plaintiffs as defined in 18 U.S.C. § 1030(e)(8) and (11), including the impairment to the integrity of data and the costs incurred for forensic investigation and damage assessment.

45. Plaintiffs have suffered a loss aggregating at least $5,000 in value during a one-year period, satisfying the threshold requirement of 18 U.S.C. § 1030(c)(4)(A)(i)(I).

46. Defendants' unauthorized access and transmission of code caused damage to Plaintiffs' protected computers, resulting in losses exceeding $5,000 in a one-year period, specifically comprising the costs of conducting a forensic damage assessment, the labor costs to

attempt data recovery, and the interruption of authorized users' access to the system

## COUNT III

### Conversion- Against All Defendants

47. Plaintiffs repeat and reallege each allegation in paragraphs 1 to 46 hereof as if fully set forth herein.

48. Plaintiffs hold legal title and a superior right of possession to the Tech Packs and artwork.

49. Defendants intentionally exercised unauthorized dominion and control over Plaintiffs' property by deleting the originals and sequestering copies in a personal account.

50. Defendants' interference is complete and has excluded Plaintiffs from the possession and use of their own property.

51. Cain is personally liable for this tort as the individual who committed the act, and the Company is liable as the entity on whose behalf she acted.

52. By reason of Defendants' conversion, Plaintiffs have been wholly deprived of the use and value of their proprietary designs and artwork, necessitating the expenditure of significant resources to recreate the lost assets and causing a disruption to Plaintiffs' manufacturing and sales cycles.

## COUNT IV

### Trespass to Chattels- Against All Defendants

53. Plaintiffs repeat and reallege each allegation in paragraphs 1 to 52 hereof as if

fully set forth herein.

54. Defendants intentionally interfered with Plaintiffs' possession of their computer system and data by deleting files from the server.

55. This conduct physically impaired the condition and value of Plaintiffs' computing equipment and data integrity.

56. Defendants' trespass caused actual harm to Plaintiffs' property by deleting essential business records, thereby diminishing the value and utility of Plaintiffs' server and requiring Plaintiffs to incur costs to restore the integrity of their data systems.

COUNT V

Misappropriation of Trade Secrets (New York Common Law)- Against All Defendants

57. Plaintiffs repeat and reallege each allegation in paragraphs 1 to 56 as if fully set forth herein.

58. The Tech Packs constitute trade secrets under New York common law.

59. Defendants misappropriated these secrets by improper means—specifically, by using a subordinate's workstation to bypass security logs and exfiltrating the data to a secret personal account.

60. Upon information and belief, Defendants are using these trade secrets to compete with Plaintiffs.

61. Plaintiffs have been damaged by the loss of the secrecy of their trade secrets, resulting in the erosion of their competitive advantage in the marketplace and the potential loss of customer goodwill and future sales.

## COUNT VI

### Breach of Fiduciary Duty- Against All Defendants

62. Plaintiffs repeat and reallege each allegation in paragraphs 1 to 61 hereof as if fully set forth herein.

63. As agents of Plaintiffs entrusted with confidential information and management responsibilities, both the LLC and Cain owed Plaintiffs a fiduciary duty of loyalty.

64. Defendants breached this duty by destroying Company property and stealing assets for personal use.

65. As a direct result of this breach, Plaintiffs suffered damages including the payment of compensation to a disloyal employee, the exposure of confidential information to unsecured environments, and the costs associated with mitigating the risk of data exposure.

## COUNT VII

### Violation of the Faithless Servant Doctrine- Against All Defendants
(Injury to Business Reputation)

66. Plaintiffs repeat and reallege each allegation in paragraphs 1 to 65 hereof as if fully set forth herein.

67. Under New York law, an agent who is faithless in the performance of their duties is not entitled to recover or retain compensation.

68. Defendants' disloyalty began on or before June 30, 2025.

69. Plaintiffs are entitled to the disgorgement of all compensation paid to the LLC and/or Cain from June 30, 2025, through January 23, 2026.

70. Consequently, Plaintiffs have been damaged in the amount of all wages, bonuses, and benefits paid to Defendants during the period of disloyalty, which funds were paid under the false pretense of faithful service.

## COUNT VIII

### Tortious Interference with Business Relations- Against All Defendants

71. Plaintiffs repeat and reallege each allegation in paragraphs 1 to 63 hereof as if fully set forth herein.

72. Upon information and belief, Defendants have intentionally interfered with Plaintiffs' customer relationships by soliciting customers using the stolen Tech Packs.

73. Defendants utilized "wrongful means"—criminal computer tampering and theft of trade secrets—to effectuate this interference.

74. Defendants' interference has caused Plaintiffs to suffer economic harm, including lost profits from diverted sales, damage to business reputation, and the straining of established relationships with key customers and manufacturers.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants, jointly and severally, as follows:

A. Permanently enjoining Defendants from using, disclosing, or retaining Plaintiffs' Tech Packs and other files; and mandating the immediate return of all data and access credentials to the account testingtestabc23@gmail.com.

B. Awarding Plaintiffs damages in an amount to be determined at trial.

C. Directing Defendants to disgorge all compensation paid by Plaintiffs from

June 30, 2025, through January 23, 2026.

      D.      Awarding punitive damages for Defendants' willful and malicious conduct and exemplary damages pursuant to 18 U.S.C. § 1836(b)(3)(C).

      E.      Adjudging that the Company is the alter ego of Cain and holding Cain personally liable for all judgments against the Company.

      F.      Awarding Plaintiffs costs, disbursements, and reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D).

      G.      Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all facts so triable.

Dated:  New York, New York
         February 18, 2026

                Legaluminate LLC d/b/a Lumora Law

                Attorneys for Plaintiff

                By: _____
                    Jonathan M. Purow (JP0052)
                    jon@lumora.law
                    Phone: (347) 855-7876
                    1415 W. 22nd Street, Tower Floor
                    Oak Brook, Illinois 60523